1
2
3
4
5
6
7
8

**DELDAR LEGAL**
Mona Deldar (CA SBN 231393)
*mdeldar@deldarlegal.com*
P. David Cienfuegos (CA SBN 225394)
*dcienfuegos@deldarlegal.com*
10866 Wilshire Blvd., Suite 740
Los Angeles, California 90024
Telephone: (844) 335-3271
Service: *litigation@deldarlegal.com*

Attorneys for Plaintiff

9
10
11
12

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GABRIELLE VELEZ, individually and on behalf of all others similarly situated,

        Plaintiff,

        v.

THE COBBLERS USA INC., a Florida corporation;

        Defendant

Case No.:  23-3241

**CLASS ACTION COMPLAINT:**
1.  **BREACH OF CONTRACT**
2.  **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
3.  **UNJUST ENRICHMENT**
4.  **VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.**
5.  **VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT CALIFORNIA CIVIL CODE §1750 ET SEQ.**
6.  **CONVERSION**
7.  **FALSE ADVERTISING - BUSINESS AND PROFESSIONS CODE §17500, ET SEQ**

1

**CLASS ACTION COMPLAINT**

8. **FRAUD, DECEIT, AND MISREPRESENTATION**

**DEMAND FOR JURY TRIAL**

**CLASS ACTION COMPLAINT**

1.    Plaintiff, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

## NATURE OF THE ACTION

2.    This proposed class action alleges that The Cobblers USA Inc. ("The Cobblers" or "Defendant") falsely advertises itself as providing expert cleaning, repair, restoration, and customization services for most all premium sneakers and high-quality leather goods, including women's and men's shoes, handbags, and select leather garments nationwide, when in fact, The Cobblers takes payments and luxury goods and converts the payments and goods for their own purpose and profit. Consumers in the class action have had their payments and items converted after being sent in for repair.

3.    Defendant prominently advertises that it provides expert cleaning, repair, restoration, and customization services for most all premium sneakers and high-quality leather goods, including women's and men's shoes, handbags, and select leather garments, but fails to disclose that Defendant keeps possession of consumers payments and item without performing the agreed upon services or returning the items. On information and belief, Defendant repaired and retained consumers' items with the intent to resell the items.

4.    In response to complaints from the proposed Class members, Defendant routinely ignores consumers or falsely states that the items are in a warehouse while refusing to return the items or requests for refunds. Defendant has failed to disclose that items will not be returned as communication mechanisms with The Cobblers diminished.

5.    As a result of Defendant's material misrepresentations, bad faith, and unfair and unlawful conduct, Plaintiff and Class members have suffered damages, including, without limitation, payments for repairs of items and the conversion of their items sent in for repairs.

**CLASS ACTION COMPLAINT**

6.      On behalf of herself and the Class, Plaintiff brings this lawsuit against Defendant for Breach of Contract; Breach of The Covenant of Good Faith and Fair Dealing; Unjust Enrichment; Violations of California's Unfair Competition Law California Business & Professions Code § 17200 et. seq.; Violations of California's Consumer Legal Remedies Act California Civil Code §1750 et. seq.; Conversion; False Advertising - Business and Professions Code §17500, et. seq., and; Fraud, Deceit, and Misrepresentation

**PARTIES**

7.      Plaintiff Gabrielle Velez is an individual residing in Petaluma, California.

8.      Defendant The Cobblers USA Inc. is a Florida corporation and is headquartered in Miami, Florida. The Cobblers USA Inc. is a nationwide business, with thousands of customers as of July 2022. The Cobblers USA Inc. was founded in Miami, Florida on May 14, 2020. Based on information and belief, The Cobblers USA Inc., operations were headquartered in Florida through June 2023, and The Cobblers USA Inc., continues to have operations in Florida.

9.      The true names and capacities, whether individual, corporate, associate or otherwise, of defendants, DOES 1 through 100, being any unknown business entity; all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to plaintiff's title or any cloud on plaintiff's title thereto, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a fictitiously named defendant is in some manner responsible for the events and happenings herein referred to, either contractually or tortuously, and caused the damage to plaintiff as herein alleged. When the Plaintiff ascertains the true names and capacities of DOES 1 through 100, inclusive, she will ask leave of this Court to amend her complaint by setting forth the same.

**4**

**CLASS ACTION COMPLAINT**

10.    At all times herein mentioned, each of the defendants, which is incorporated herein by this reference, was and is the agent, servant, and employee of each of the other defendants, and all the things alleged to have been done by said defendants were done in the capacity of and as agent of the other defendants.

## JURISDICTION AND VENUE

11.    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) as the amount in controversy exceeds $5,000,000 among the proposed nationwide Class, believed to number at least in the thousands, who are entitled to damages in the amount of the payments for repairs of their items and the value of their items.

12.    This Court has personal jurisdiction over Defendant because Defendant is authorized to do business and regularly conduct business in California, and Defendant has marketed, sold, accepted, and provided repair service in California. Defendant has conducted business in California with Plaintiff. Defendant, therefore, has sufficient minimum contacts with this state to render the exercise of jurisdiction by this Court permissible.

13.    Venue is proper under 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14.    According to its website, "The Cobblers hurls a respected ancient craft far into the 21st Century with an unprecedented mix of products and services. We're here to satisfy the rapidly growing need for traditional cobbling methods - as the traditional "cobbler" has become something of an endangered species - as well as to meet the seemingly insatiable demands of an explosive sneaker enthusiast culture around the world."[1]

15.    It represents itself to "provide expert cleaning, repair, restoration and

---

[1] https://thecobblers.com/pages/our-story

**5**

**CLASS ACTION COMPLAINT**

customization services for most all premium sneakers and high-quality leather goods, including women's and men's shoes, handbags, and select leather garments.[2]

16.    According to its "Our Story" webpage, "The Cobblers give rise to a new cultural movement by empowering you to replace manufacturers' dusty and antiquated linear approach of "Make, Use & Dispose" with a more thoughtful, cyclical "up-cycling" approach, so you can "Keep, Customize, Restore & Reuse" two of your most precious and self-defining accessories: your footwear and your handbags."[3]

17.    The Cobblers maintains an account on Instagram, a social media platform, with the username @thecobblersofficial, where it describes its services as "delivering world-class restorations to your finest luxury and leather goods nationwide."

18.    With the same account, The Cobblers publishes short-form videos showcasing the impressive and articulate repairs and restorations of luxury goods, including but not limited to brand-named handbags, wallets, and footwear performed by its staff whom it refers to as "Artisans."

19.    In most, if not all, of the videos posted by The Cobblers, the result would be a fully restored version of the product, oftentimes looking as good as new or better.

**Defendant Falsely Advertises Expert Cleaning, Repair, Restoration, And Customization Services**

20.    Defendant falsely advertises expert cleaning, repair, restoration and customization services. The Cobblers consumers in the class action have had their payments and items converted after being sent in for repair with no expert cleaning, repair, restoration and customization services are provided.

[2] https://thecobblers.com/pages/about-us
[3] https://thecobblers.com/pages/our-story

**CLASS ACTION COMPLAINT**

21.   The Cobblers was founded in May 2020 in Miami, Florida.

22.   The Cobblers sells its expert cleaning, repair, restoration, and customization services by representing itself to be "consummate purveyors of style, and our swanky new retail locations hold the key to [their] expert tailoring, bespoke fittings, and all types of adjustments to [consumers] finest of accessories and wardrobe, to boot. Just find a location near you and pay us a friendly visit. We're at your fashionable service, here to consult your every need."[4]

23.   Defendant markets and sells expert cleaning, repair, restoration, and customization services for premium sneakers and high-quality leather goods, including women's and men's shoes, handbags, and select leather garments nationwide. The Cobblers sells these services to customers to enable them to pay for The Cobblers expert cleaning, repair, restoration, and customization services, then ship their items to The Cobblers for the expert cleaning, repair, restoration, and customization services.

24.   The Cobblers services can be purchased directly from The Cobblers online via their website www.thecobblers.com, or from highly advertised social media ads targeting consumers across the United States.

25.   Defendant further advertises its services by providing "…the craft of excellence. Each of our restoration projects is handled entirely in the USA. Our choice cleaning products, repair materials and thoughtfully selected accessories are unquestionably the finest and most coveted on the market."[5]

///

///

///

///

///

[4] https://thecobblers.com/pages/about-us
[5] https://thecobblers.com/pages/about-us

**7**

**CLASS ACTION COMPLAINT**

26.    Defendant's advertising prominently features videos of old worn-out items made to look brand new after undergoing The Cobblers services. Defendant aggressively and consistently promotes the supposed "[m]arketplace delivering world-class restoration to [consumers'] finest luxury and leather goods nationwide." Below is an example of Defendant's marketing for their "world-class restoration" services:



**CLASS ACTION COMPLAINT**

27.    Defendant's widespread marketing for "delivering world-class restoration to [consumers'] finest luxury and leather goods" induced thousands of consumers to purchase restoration services for their finest luxury and leather goods.

28.    Defendant's representation of " delivering world-class restoration " is material to consumers, and Defendant's willful conversion of consumer items once sent in is unlawful.

**Defendant Accepts Payments for Restoration Services and Never Returns the Items**

29.    When customers contact Defendant to complain about their items not being returned, Defendant typically ignores consumers, as nobody from The Cobblers answers the phone or responds to emails or inbox messages. Consumers' items are never returned. On information and belief, The Cobblers has started another business named The Cobbler's Luxury Exchange which offers "The SIMPLEST resale platform for your luxury goods. No more high commission, no more waiting for payment, no more getting turned down because of item condition."

**Defendant Refuses to Return Customers' Payments**

30.    Once Defendant is paid and obtains the customers' items, Defendant does not return the items or the payments despite failing to provide the agreed services. Some customers have spent the last year trying to recover their items and payments with no resolution or any return of merchandise.[6]

**Defendant's Practices are Unfair and Likely to Mislead Consumers**

31.    Reasonable consumers are likely to be misled by Defendant's representation of delivering world-class restoration to consumers' finest luxury and leather goods, particularly in combination with Defendant's advertisements that encourage customers with what appear to be miraculous restorations of other

---

[6] https://www.bbb.org/us/fl/miami/profile/shoe-repair/the-cobblers-0633-90587477/complaints

**CLASS ACTION COMPLAINT**

customers' items.

32.    Once customers discover the truth about Defendant's representation of delivering world-class restoration to consumers' finest luxury and leather goods, customers are outraged by Defendant's lies and bad faith practices. Angry customers have posted on The Cobblers' Facebook page and the BBB, turning them into a voluminous virtual complaint board.

33.    On December 13, 2022, The Cobblers accreditation in the BBB was revoked by the BBB's Board of Directors due to the number of complaints.[7]

34.    The following are examples of typical complaints[8]:

> *I sent two luxury bag for repair to the Cobbers. June 8 , I place an order for repair, two Preloved and used Louis ******* bags. On April 28, I got a call from the cobblers that my items are already done and they just need my complete payment to sent it back. They directed me to the payment website and there was an issue there and I emailed the cobblers about it. There was a glitch on their website and their payment app does not work on the mobile app and well as in the computer website. Was able to get my payment link Wednesday from their site and that day was working . I paid my complete balance of $834.95. Its been a few day now and I tried to reach out to them many times. Calls, website inboxing or messaging them and even in ******* messenger. Text showed that the message was delivered and also the message from their website was delivered and read and yet no one reached out to send me my tracking number for my bag that I completely paid for the repair. This cobblers communicates for payments but they do not communicate to send the tracking number back to the clients??? Even if I follow up? Tried all means of communication and even tried to call them. They hang up the phone and no one reaches out to answer my messages. I need my bags bag. These are completely paid . I got the screen shots of the error messages on their website and the screen shot of my bank statement that my payment went through and was received by The Cobblers . They do not communicate. Please help.*

---

[7] https://www.bbb.org/us/fl/miami/profile/shoe-repair/the-cobblers-0633-90587477
[8] https://www.bbb.org/us/fl/miami/profile/shoe-repair/the-cobblers-0633-90587477/complaints

**CLASS ACTION COMPLAINT**

*On 6/15/2022, I sent my purse to have the handles, and tag replace, I was told that I would receive it back about 7/15/2022, along with pictures of the completed work. August I was finally sent pictures of my bag, along with request for payment. I told the company that the purse still have the original, handles and tag, what work was done to it? I was told that they would send it back to the shop for repairs. I have been texting this company for almost a year, with no resolve, or my merchandise. I did receive a text message from this company on 5/1/23 stating they are waiting on payment and have discounted the service $100, but they have failed to provide me with pictures of the completed work. When I log on to their website and input the order number and my email address. I am getting Restoration is in progress, and they are running behind, wait until 6/29/2023. At this point I would like my purse return as is. I have been requesting the return of my property, but no one is listening.*

*July 2022 I sent in a bag to be repaired. I was told it would take 3-4 weeks for it to be repaired and returned to me. I still have not received my bag back. No one answers the phone or responds to emails or inbox messages. I finally received a threatening message from an employee a month ago stating if the order was not paid they would press charges against me in the \*\*\*\*\*\*\*\*\*\*\*\*\*\*\* and not return my item to me. The employee clearly didn't see the nearly hundred messages and emails I had sent it trying to speak to someone about the status of my order. This is my second complaint filed against this business connected to this order.*

*I sent a white \*\*\*\*\*\* handbag to be repaired by the cobblers on June 22, 2022. The order number is \*\*\*\*\*. I have proof that the package was received by the cobbler's and they were working on it as of today April 28, 2023 I still do not have my handbag.I have sent numerous messages on their website and have received no response back this is horrible business practice and the value of this bag is over $5000 and I think it's ridiculous that it's been almost a year and I have not received my bag back or received any communication back from the cobbler's.*

**CLASS ACTION COMPLAINT**

35.    Defendant has benefited, and continues to benefit, from falsely advertising that The Cobblers represents delivering world-class restoration to consumers' finest luxury and leather goods to justify Defendant's unfair and misleading practices.

36.    Defendant's misrepresentations and omissions regarding its representation of delivering world-class restoration to consumers' finest luxury and leather goods are material to reasonable consumers.

37.    Defendant's practice of accepting payments and converting consumers' items is unfair and done in bad faith and defies the reasonable expectations of reasonable customers.

38.    Defendant's misrepresentations and practices injured and caused Plaintiff and Class members to lose money or property in that they paid and shipped their items to The Cobblers to be restored, but Defendant accepted payment, kept the items, and never provided any services, dispossessing Plaintiff and Class members of their money and items.

## PLAINTIFF'S FACTUAL ALLEGATIONS
### Plaintiff Gabrielle Velez

39.    In May 2022, Plaintiff placed orders on The Cobblers' website (thecobblers.com) by uploading photographs of two pairs of slides (or flats). Shortly after doing so, she received a quote for repairing and restoring two pairs of slides.

40.    After paying for her order, Plaintiff mailed her items to The Cobblers. Five weeks later, Plaintiff received notification that her items were received and that the repairs and restoration were estimated to be completed in August 2022.

41.    As August 2022 came and went, Plaintiff attempted to contact The Cobblers only to be told that the estimated completion date was extended.

42.    In January 2023, Plaintiff's friend went to Cobbler's physical location in Miami and was told that her heels were "sourced" out to a third-party contractor.

**CLASS ACTION COMPLAINT**

43.    To date, Plaintiff has not received her items and has not been refunded her payment or value of her items.

## CLASS ALLEGATIONS

44.    Plaintiff brings this class action lawsuit on behalf of herself and the following proposed class members pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

45.    Plaintiff seeks certification of the following Class: "All persons in the United States who, from August 1, 2020, through the present, mailed their luxury goods to The Cobblers, paid for the repair and restoration services, and were permanently deprived of the money paid and luxury goods mailed." For purposes of this class action complaint, the term "luxury goods shall mean to include, but is not limited to, luxury bags, shoes, sneakers, luggage, jewelry, watches, hats, belts, wallets, and other fashion accessories.

46.    Specifically excluded from the Class is the Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

47.    This action has been brought and may properly be maintained as a class action against Defendant because there is a well-defined community of interest in the litigation, and the proposed Class is easily ascertainable.

48.    **Numerosity.** Plaintiff does not know the exact size of the Class, but they estimate it is composed of more than 500 people. At a minimum, there are thousands of Class Members, but highly likely, many more. The persons in the Class are so numerous that the joinder of all such persons is impracticable, and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

49.    **Commonality and predominance**. Well-defined, nearly identical legal or factual questions affect all Class members. These questions predominate

**CLASS ACTION COMPLAINT**

over questions that might affect individual Class members. These common questions include, but are not limited to, the following:

  a.  Whether Defendant's failure to issue refunds constitutes unjust enrichment, a breach of contract, and/or conversion;

  b.  Whether Defendant's failure to return the goods to constitutes unjust enrichment, a breach of contract, and/or conversion;

  c.  Whether Defendant's conduct violated the Consumers Legal Remedies Act;

  d.  Whether Defendant's conduct is unlawful, unfair, or fraudulent in violation of the Unfair Competition Law, California Business and Professions Code § 17200, et seq.;

  e.  Whether Defendant's conduct constitutes untrue or misleading statements within the meaning of California Business and Professions Code § 17500, et seq.;

  f.  The amount of profits and revenues earned by Defendant as a result of the misconduct;

  g.  Whether class members are entitled to restitution, injunctive and other equitable relief and, if so, what is the nature (and amount) of such relief; and

  h.  Whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

50.    **Typicality.** Plaintiff's claims are typical of Class members ' claims. Plaintiff and the Class members all sustained injury as a direct result of Defendant's unlawful actions of accepting payments and luxury items with that were never returned.

51.    **Adequacy.** Plaintiff will fairly and adequately protect Class members' interests. Plaintiff has no interests antagonistic to the Class members' interests, and

Plaintiff has retained counsel that has considerable experience and success in prosecuting consumer-protection cases.

52.    **Superiority.** A class action is the superior method for fairly and efficiently adjudicating this controversy for the following reasons without limitation:

a.    Class members claims are relatively small compared to the burden and expense required to litigate their claims individually, so it would be impracticable for Class members to seek individual redress for Defendant's illegal and deceptive conduct;

b.    Even if Class members could afford individual litigation, the court system could not. Individual litigation creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court; and

c.    Plaintiff anticipates no unusual difficulties in managing this class action.

**INAPPLICABLE OR UNENFORCEABLE ARBITRATION CLAUSE**

53.    The Cobblers' most recent Terms of Use require that any claim or dispute with The Cobblers be resolved by way of binding individual arbitration. This clause was added only after June 2022. The arbitration clause in the Terms of Use is unenforceable because it is never adequately disclosed or agreed to by consumers, and Defendant does not require consumers who used The Cobblers' services to view the arbitration clause before making their purchase and sending their items. The arbitration clause is substantively unconscionable and/or is against public policy. The arbitration clause is procedurally unconscionable because, among other reasons, it is presented to consumers, if at all, on a take-it-or-leave-it basis and is not conspicuous. The clause is not applicable to Plaintiff's claims for

**CLASS ACTION COMPLAINT**

public injunctive relief because such claims are not arbitrable.

54.    To the extent that Defendant asserts that Plaintiff and Class members' claims are subject to an arbitration agreement or a class action waiver, Plaintiff and the Class seek declaratory relief by finding that such a purported arbitration agreement is void and unenforceable.

## CHOICE OF LAW

55.    California law applies to Plaintiff and Class members' claims because (1) a substantial part of the alleged misleading and deceptive conduct emanated from California and (2) a substantial part of the bad faith, unfair, and unlawful conduct occurred in California.

56.    In the alternative, the laws of the states in which each Plaintiff and each Class member resides apply.

## FIRST CAUSE OF ACTION
### Breach of Contract

57.    Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this cause of action.

58.    Defendant offered Plaintiff and Class members the representation of delivering world-class restoration to consumers' finest luxury and leather goods.

59.    In exchange for Defendant's representation of delivering world-class restoration to consumers' finest luxury and leather goods, Plaintiff and Class members paid for restoration services and sent their items to The Cobblers

60.    Plaintiff and Class members gave fair and reasonable consideration and have performed all conditions, covenants, and obligations required to be performed.

61.    Defendant breached its representation of delivering world-class restoration to consumers' finest luxury and leather goods by failing to render the services paid for by Plaintiff and the Class Members. Defendant further breached the contract when they failed to return the luxury goods that were mailed and

**CLASS ACTION COMPLAINT**

received by Defendant.

62.    The Cobblers Terms of Use do not form a contract and are not a part of the above-described bargain for lack of mutual assent. Defendant does not (a) adequately disclose the existence of such terms to Plaintiff or Class members prior to or at the time of the purchase of their expert cleaning, repairs, and restoration services; (b) require Plaintiff or Class members to acknowledge or assent to the Terms of Use; or (c) provide an opportunity for Plaintiff or Class members to reject the terms in the event that they discover the terms subsequent to the purchase of their expert cleaning, repairs, and restoration services. Defendant also does not provide any new consideration in exchange for any subsequent agreement to the Terms of Use.

63.    The Cobblers' Terms of Use do not form a contract and are not a part of the above-described bargain because the terms described therein are illusory. Specifically, the Terms of Use provide that The Cobblers may change or modify the terms at any time, in its sole discretion, and without notice to or consent from Plaintiff or Class members, rendering all the terms therein illusory.

64.    In the alternative, assuming that The Cobblers Terms of Use form part of the basis of the bargain, the Terms of Use are so contradictory, vague, and ambiguous as to render it meaningless and unenforceable.

65.    Defendant directly benefitted from, and is being unjustly enriched by, Defendant's breach of its representation of delivering world-class restoration to consumers' finest luxury and leather goods.

66.    As a result of Defendant's breach of its representation of delivering world-class restoration to consumers' finest luxury and leather goods, Plaintiff and Class members have been harmed and have suffered damages in an amount to be determined by this Court, including interest on all liquidated sums.

///

///

**CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION

### Breach of the Covenant of Good Faith and Fair Dealing

67.    Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this cause of action.

68.    Plaintiff and Class members bring this claim in the alternative to their breach of contract claim.

69.    A covenant of good faith and fair dealing is implied in every contract.

70.    Where a contract vests one party with discretion but provides no standards for exercising that discretion, the duty of good faith and fair dealing applies and the party exercising the discretion must do so in a commercially reasonable manner or in a manner that satisfies the objectively reasonable expectations of the other party.

71.    Based on Defendant's promises and representations, it was objectively reasonable for Plaintiff and Class members to expect that Defendant would deliver fulfill its representation of delivering world-class restoration to consumers' finest luxury and leather goods. There exists no objectively reasonable reason to expect that Defendant would fail to render the services paid for by Plaintiff and the Class Members and fail to return the luxury goods that were mailed to Defendant.

72.    Defendant abused any discretion Defendant had under the Terms of Use or otherwise by failing to render the services paid for by Plaintiff and the Class Members and failing to return the luxury goods that were mailed to Defendant.

73.    Plaintiff and Class members performed all required duties and all conditions required for Defendant's performance.

74.    As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff and the Class sustained damages in an amount to be determined by this Court, including interest on all liquidated sums.

///

///

## THIRD CAUSE OF ACTION
### Unjust Enrichment

75.    Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this cause of action.

76.    Plaintiff and Class members bring this claim in the alternative to their Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing claims.

77.    Defendant knowingly retained a benefit at the expense of Class members, in the form of substantial revenues and payments from Plaintiff and Class members for services and the value of Plaintiff and the Class Members' items mailed and received by Defendant, from Defendant's conduct in misrepresenting Defendant's representation of delivering world-class restoration to consumers' finest luxury and leather goods.

78.    Plaintiff and Class members' detriment and Defendant's enrichment are traceable to and resulted directly and proximately from, the conduct challenged in this complaint.

79.    It would be inequitable for Defendant to retain the benefits Defendant received and continues to receive from Plaintiff and Class members without payment to Plaintiff and Class members.

80.    Plaintiff and the Class have no adequate remedy at law.

81.    Plaintiff seeks disgorgement of and/or a constructive trust on all the inequitable payments and profits Defendant retained from Plaintiff and Class members.

## FOURTH CAUSE OF ACTION
### Violations of California's Unfair Competition Law California Business & Professions Code § 17200 et. seq.

82.    Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this cause of action.

**CLASS ACTION COMPLAINT**

83.    Section 17200 of the California Business & Professions Code ("UCL") prohibits any "unlawful," "unfair," or "fraudulent" business practice.

84.    Defendant violated the "unlawful" prong of the UCL by making material misrepresentations of delivering world-class restoration to consumers' finest luxury and leather goods, when in fact, Defendant regularly retains consumers' payments and items, in violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq.

85.    Defendant's practice of failing to render the services paid for by Plaintiff and the Class Members and failing to return the luxury goods that were mailed to Defendant violated the "unfair" prong of the UCL because it was immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Class members. Defendant's practice was also contrary to legislatively declared and public policy, and the harm it caused to consumers outweighed its utility, if any.

86.    Defendant violated the "fraudulent" prong of the UCL by making material misrepresentations of delivering world-class restoration to consumers' finest luxury and leather goods when they were not, and by failing to disclose and actively concealing material information regarding Defendant's practice of regularly failing to render the services paid for by Plaintiff and the Class Members and failing to return the luxury goods that were mailed to Defendant. These material misrepresentations and nondisclosures were likely to mislead consumers.

87.    Plaintiff relied on Defendant's material misrepresentations and nondisclosures, and would not have purchased, The Cobblers' service had he known the truth.

88.    As a direct and proximate result of Defendant's unfair, unlawful, and fraudulent conduct, Plaintiff lost money and/or property.

89.    Defendant's conduct caused substantial injury to Plaintiff and Class members. Accordingly, Plaintiff seeks an order enjoining Defendant from

committing such unlawful, unfair, and fraudulent business practices and seek the full amount of money that Plaintiff and Class members paid for their payments and items and/or restitutionary disgorgement of profits. Plaintiff also seeks attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5.

## FIFTH CAUSE OF ACTION

## Violations of California's Consumer Legal Remedies Act California Civil Code §1750 et. seq.

90.    Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this cause of action.

91.    Defendant is a "person," as defined by Cal. Civ. Code § 1761(c).

92.    Plaintiff and the Class members are " consumers," as defined by Cal. Civ. Code § 176l(d).

93.    The services that Defendant marketed and sold constitute "goods" and "services," as defined by Cal. Civ. Code § 1761 (a) and (b).

94.    Plaintiff and Class members' purchases of The Cobblers expert cleaning, repair, restoration, and customization services constitute "transactions," as defined by Cal. Civ. Code§ 1761(e).

95.    Plaintiff and Class members purchased The Cobblers expert cleaning, repair, restoration, and customization services for personal, family, and household purposes as meant by Cal. Civ. Code § 1761(d).

96.    Venue is proper under Cal. Civil Code § 1780(d) because a substantial portion of the transactions at issue occurred in this county. Plaintiff's Declaration establishing that this Court has proper venue for this action is attached as Exhibit "A".

97.    Defendant deceived consumers in that Defendant misrepresented that The Cobblers provided expert cleaning, repair, restoration, and customization services.

98.    Defendant's misrepresentations, active concealment, and failures to

**CLASS ACTION COMPLAINT**

disclose violated the CLRA in the following manner:

    a. Defendant misrepresented that its expert cleaning, repair, restoration, and customization services had characteristics, benefits, or uses that they did not have (Cal. Civ. Code § 1770(a)(5));

    b. Defendant misrepresented that its expert cleaning, repair, restoration, and customization services were of a particular standard, quality, and/or grade when they were of another (Cal. Civ. Code § 1770(a)(7));

    c. Defendant advertised its expert cleaning, repair, restoration, and customization services with an intent not to provide the services as advertised (Cal. Civ. Code § 1770(a)(9));

    d. Defendant misrepresented that its expert cleaning, repair, restoration, and customization services conferred or involved rights, remedies, or obligations that they did not have (Cal. Civ. Code § 1770(a)(l4));

    e. Defendant misrepresented that its expert cleaning, repair, restoration, and customization services were supplied in accordance with previous representations when they were not (Cal. Civ. Code § 1770(a)(16));

99. Defendant's misrepresentations and nondisclosures regarding The Cobblers' expert cleaning, repair, restoration, and customization services and Defendant's practice of regularly retaining payments and items were material to Plaintiff and Class members because a reasonable person would have considered them important in deciding whether or not to purchase The Cobblers expert cleaning, repair, restoration, and customization services, and because Defendant had a duty to disclose the truth.

100. Plaintiff and Class members relied upon Defendant's material misrepresentations and nondisclosures and had Plaintiff and Class members known the truth; they would have acted differently.

101. As a direct and proximate result of Defendant's material misrepresentations and nondisclosures, Plaintiff and the Class have been

irreparably harmed.

102.   On behalf of the Class, Plaintiff seeks injunctive relief in the form of an order enjoining Defendant from making such material misrepresentations and failing to disclose or actively conceal Defendant's practice of regularly retaining payments and items. Plaintiff also seeks attorneys' fees and costs.

103.   In accordance with Cal. Civ. Code § 1782(a), on June 23, 2023, Plaintiff's counsel served Defendant with notice of Defendant's CLRA violations by certified mail, return receipt requested. A true and correct copy of that notice is attached as Exhibit "B".

104.   If Defendant fails to provide appropriate relief for Defendant's CLRA violations within 30 days of Plaintiff's June 23, 2023, notification letter, Plaintiff will amend this complaint to seek compensatory and exemplary damages as permitted by Cal. Civ. Code§§ 1780 and 1 782(b).

## SIXTH CAUSE OF ACTION

### (Conversion)

105.   Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this cause of action.

106.   At all times relevant, Plaintiff and the Class had a right to possess the luxury goods mailed to The Cobblers for the purposes of being cleaned, repaired, restored, or customized.

107.   From the time The Cobblers are unable to render expert cleaning, repair, restoration, and customization services by the initial estimated due date provided, Plaintiff and the Class owned and had the right to possess the money in the amount that they paid for the services that were not rendered.

108.   On information and belief, Defendant is in possession and control of Plaintiff and the Class Members payments and luxury items, including, but not limited to premium sneakers and high-quality leather goods, including women's and men's shoes, handbags, and select leather garments received for expert

**CLASS ACTION COMPLAINT**

cleaning, repair, restoration, and customization services.

109.   On information and belief, Defendant has sold, misappropriated, or intends to sell, the luxury items belonging to Plaintiff and the Class.

110.   Defendant intentionally and substantially interfered with the items belonging to Plaintiff and the Class by taking possession of them, refusing to refund payments made to Defendant for repairs, and preventing Plaintiff and the Class from having access to their items after a demand was made for its return.

111.   Plaintiff and the Class did not consent to Defendant's conduct in withholding their money and luxury goods.

112.   Plaintiff and the Class were harmed by Defendant's conduct.

113.   The conduct of each Defendant was a substantial factor in causing this harm to Plaintiff and the Class.

114.   As a result of Defendant's conduct, Plaintiff and the Class have been damaged in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**

**False Advertising - Business and Professions Code § 17500, et. seq.**

115.   Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this cause of action.

116.   On information and belief, since its formation in August 2020, Defendant made untrue, false, deceptive and/or misleading statements in connection with the advertising, marketing, and sale of its expert cleaning, repair, restoration, and customization services.

117.   Defendant made representations and statements that led reasonable customers to believe that expert cleaning, repair, restoration, and customization services were being performed by The Cobblers' own "artisans" with the standard and quality as advertised through its social media posts.

118.   Plaintiff and the Class relied to their detriment on Defendant's false, misleading, and deceptive advertising and marketing practices, including each of

24

**CLASS ACTION COMPLAINT**

the misrepresentations and omissions set forth herein, such as The Cobbler's providing expert cleaning, repair, restoration, and customization services for most all premium sneakers and high-quality leather goods, including women's and men's shoes, handbags, and select leather garments nationwide. These statements were false. Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by Defendant, they would have acted differently by refraining from purchasing The Cobbler's services and, instead, opted to have their luxury goods cleaned, repaired, restored, or customized somewhere else.

119. Defendant's acts and omissions are likely to deceive the general public.

120. Defendant engaged in these false, misleading, and deceptive advertising and marketing practices to increase profits. Accordingly, Defendant has engaged in false advertising, as defined and prohibited by section 17500, et seq. of the California Business and Professions Code.

121. The aforementioned practices, which Defendant used, and continue to use, for their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendant's competitors and injury to the general public.

122. As a direct and proximate result of such actions, Plaintiff and the Class have suffered injury in fact and have lost money and/or property as a result of such false, deceptive, and misleading advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

123. Plaintiff seeks, on behalf of herself and the Class, full restitution of monies, and value of the items in Defendant's possession, as necessary and according to proof, to restore all monies acquired by Defendant from Plaintiff, the general public, or those similarly situated by means of the false, misleading, and deceptive advertising and marketing practices complained of herein, plus interest thereon.

124.   Plaintiff seeks on behalf of herself and the Class Members a declaration that the above-described practices constitute false, misleading, and deceptive advertising.

125.   Plaintiff seeks, on behalf of herself and the Class Members, an injunction to prohibit Defendant from continuing to engage in the false, misleading, and deceptive advertising and marketing practices complained of herein. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury, in fact, to the general public and the loss of money and property in that Defendant will continue to violate the laws of California unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress to recover monies paid to Defendant to which they are not entitled. Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

## EIGHTH CAUSE OF ACTION
### Fraud, Deceit and Misrepresentation

126.   Plaintiff realleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this cause of action.

127.   Defendant has fraudulently and deceptively informed Plaintiff and the Class that the repair and/or restoration services will be performed by The Cobblers and its in-house artisans when in fact, the services were/are to be outsourced to third-party contractors. Furthermore, The Cobblers fraudulently and deceptively represented it would provide expert cleaning, repair, restoration, and customization services for most all premium sneakers and high-quality leather goods, including women's and men's shoes, handbags, and select leather garments nationwide.

128.   These misrepresentations and omissions were known exclusively to, and actively concealed by, Defendant, not reasonably known to Plaintiff, and

material at the time they were made. Defendant's misrepresentations and omissions concerned material facts that were essential to the analysis undertaken by Plaintiff as to whether to engage Defendant to clean, repair, restore, or customize her luxury goods. In misleading Plaintiff and not informing Plaintiff, Defendant breached its duty to her. Defendant also gained financially from and as a result of its breach.

129.   Plaintiff and the Class relied to their detriment on Defendant's misrepresentations and fraudulent omissions. Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by Defendant, they would have acted differently by declining to engage Defendant for its services, obtaining repair and restoration services elsewhere, or opting not to repair or restore their luxury goods entirely.

130.   By and through such fraud, deceit, misrepresentations and/or omissions, Defendant intended to induce Plaintiff and the Class to alter their position to their detriment. Specifically, Defendant fraudulently and deceptively induced Plaintiff and the Class to, without limitation, pay and mail their luxury goods to Defendant so that Defendant could convert these luxury items for their own benefit.

131.   Plaintiff and those similarly situated justifiably and reasonably relied on Defendant's misrepresentations and omissions and, accordingly, were damaged by Defendant.

132.   As a direct and proximate result of Defendant's misrepresentations and/or omissions, Plaintiff and those similarly situated have suffered damages, including, without limitation, the amount they paid for the services and the value of the luxury goods they have been deprived of.

133.   Defendant's conduct as described herein was willful and malicious and was designed to maximize Defendant's profits even though Defendant knew that it would cause loss and harm to Plaintiff and those similarly situated.

///

**CLASS ACTION COMPLAINT**

## PRAYER FOR RELIEF

1.      On behalf of themselves and the Class, Plaintiff requests that the Court order relief and enter judgment against Defendant as follows:

    a.  An order certifying Plaintiff proposed Class and appointing Plaintiff and her counsel to represent the Class;

    b.  An order that Defendant is permanently enjoined from Defendant's improper conduct and practices as alleged;

    c.  A judgment awarding Plaintiff and Class members restitution, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained as a result of Defendant's unlawful, unfair, and fraudulent business practices and conduct;

    d.  A judgment awarding Plaintiff and Class members actual damages;

    e.  A judgment awarding Plaintiff and Class members exemplary damages for Defendant's knowing, willful, and intentional conduct;

    f.  Pre-judgment and post-judgment interest;

    g.  Attorneys' fees, expenses, and the costs of this action; and

    h.  All other and further relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated: June 23, 2023                    Respectfully Submitted,


**DELDAR LEGAL**

**CLASS ACTION COMPLAINT**

By: _____
P. David Cienfuegos (CA SBN 225394)
*dcienfuegos@deldarlegal.com*
10866 Wilshire Blvd., Suite 740
Los Angeles, California 90024
Telephone: (844) 335-3271

Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**

## DECLARATION OF GABRIELLE VELEZ

I, GABRIELLE VELEZ, hereby declare and state as follows:

1.    I am over the age of eighteen and a Plaintiff in this action. The facts contained in this declaration are based on my personal knowledge, and if called upon to do so, I could and would testify competently hereto.

2.    The complaint in this action, filed concurrently with this declaration, is filed in the proper place for trial under California Civil Code§ l 780(d) because this is a county where the Defendant does business and a substantial portion of the transactions occurred.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.


Executed on ___06/28/2023___, 2023, in Petaluma, California.



_____
Gabrielle Velez

**CLASS ACTION COMPLAINT**